# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MILDRED LAMPRECHT and GEORGE LAMPRECHT,**

      **Plaintiffs,**

**v.**                                                                 Case No: 6:19-cv-942-Orl-31LRH

**CAPITAL RESORTS GROUP, LLC and MERIDIAN FINANCIAL SERVICES, INC.,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Relief (Doc. 10) and the Motion to Remand (Doc. 9), both filed by the Plaintiffs, Mildred Lamprecht and George Lamprecht (henceforth, the "Lamprechts"), and the response in opposition (Doc. 15) to those motions filed by the Defendants, Capital Resorts Group, LLC ("Capital Resorts") and Meridian Financial Services, Inc. ("Meridian Financial").

The Lamprechts sued the Defendants in state court alleging, *inter alia*, a violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (Doc. 1-1 at 2). On May 20, 2019, the Defendants removed the case to this court on the basis of federal question jurisdiction. (Doc. 1). Eight days later, the Defendants filed a joint motion to compel arbitration and dismiss or stay the case (Doc. 5). The deadline for responding to that motion was June 11, but the Lamprechts did not file a response. However, a week after that deadline had passed, the Lamprechts filed a motion to remand the case to state court (Doc. 9). On June 25, the Court granted the motion to arbitrate as unopposed. (Doc. 10).

The Lamprechts now seek relief from the order granting the motion to compel arbitration pursuant to Federal Rule of Civil Procedure 60(b)(1), which allows courts to grant such relief on the grounds of "mistake, inadvertence, surprise, or excusable neglect". The Lamprechts argue that the Court erred in compelling arbitration while the motion to remand was pending, and they contend that responding to the motion to compel arbitration could have resulted in a waiver of their ability to seek remand. They cite no case law supporting the former proposition; in addition, the motion to remand is without merit, as it is based on an argument that their federal-law claim was asserted only against Meridian Financial and not Capital Resorts. *See* 28 U.S.C. § 1367 (providing district courts with supplemental jurisdiction over state-law claims that are so related to claims over which the court has original jurisdiction that they form part of the same case or controversy under Article III).

As for the latter point, the cases cited by the Lamprechts do state that a plaintiff may waive the right to seek remand where he or she engages in

> affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand, as where the party seeking remand has been unsuccessful in litigation of a substantial issue, such as the right to a jury trial or the right to take depositions or has filed an amended complaint seeking further or different relief from the federal court.

*Knowles v. Hertz Equipment Rental Co.*, 657 F. Supp. 109, 111 (S.D. Fla. 1987) (quoting *Maybruck v. Haim*, 290 F. Supp. 721, 723-24 (S.D.N.Y. 1968)). None of the cited cases, however, suggest that something as simple as responding to an opposing party's motion could constitute "unequivocal assent" to the jurisdiction of the federal court.[1]

---

[1] Of course, if the Lamprechts were truly concerned that merely responding to the Defendants' motion could be construed as a waiver, they could have requested an extension of the deadline for that response until after the motion to remand had been resolved.

- 2 -

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 9) is **DENIED**.  And it is further

**ORDERED** that the Motion for Relief (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 24, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party